IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HORACE MANN INSURANCE COMPANY,

    Plaintiff,

v.

TRIET TRAN, ROY SEO, and YUNJU KANG,

    Defendants.

3:15-CV-164-PK

FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge:

    Plaintiff Horace Mann Insurance Company ("Horace Mann") filed this action against Yen Thi Ngo, Tuan Do, Trant Le, Phu Le, Thy Nguyen, Triet Tran, Viah Hoang, Roy Seo, Yunju Kang, Tien Hum Nguyen, and Hoang Le. Horace Mann amended its complaint effective March 12, 2015, dropping Tien Hum Nguyen as a defendant and clarifying that Viah Hoang and Hoang Le were alternate appellations for the same individual. Horace Mann amended its complaint a second time effective April 30, 2015, adding Vinh Hoang as an additional defendant. By and through its second amended complaint, Horace Mann alleged that on September 16, 2014, Ngo initiated contact with Horace Mann for the purpose of obtaining automobile insurance in her name for a motor vehicle she claimed to own (the "subject vehicle") and which she claimed she would register in her name the following day. Horace Mann further alleged that on September

Page 1 - FINDINGS AND RECOMMENDATION

17, 2014, Horace Mann sent Ngo an application for automobile insurance for the subject vehicle, requesting that Ngo return the application with her signature by October 1, 2014, in order to complete the application process. Horace Mann further alleged that on September 20, 2014, the subject vehicle was involved in a collision with another vehicle (the "other vehicle") in Washington State, that at the time the collision occurred the subject vehicle was being driven by Do (who has never been a member of Ngo's household) with Trant Le, Phu Le, Nguyen, Tran, and Hoang Le as passengers, and that at the time the collision occurred the other vehicle was being driven by Seo with Kang as a passenger. Horace Mann further alleged that on October 7, 2014, Ngo provided a recorded statement to Horace Mann stating that at all material times the subject vehicle belonged to Hoang Le, that Ngo had borrowed the subject vehicle from Hoang Le, and that she had sought to insure the subject vehicle in her own name because Hoang Le lacked automobile insurance covering the subject vehicle.[1] Arising out of the foregoing, Horace Mann sought by and through its second amended complaint this court's declaration that Horace Mann was entitled to rescind its insurance contract, if any, with Ngo, that Horace Mann was under no obligation to issue benefits under that policy, and that Horace Mann had no duty to defend or indemnify Ngo in connection with the collision of September 20, 2014. Horace Mann asserted by and through its second amended complaint that this court could properly exercise subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, based on the complete diversity of the parties and the amount in controversy.

---

[1] Horace Mann's second amended complaint does not allege that Vinh Hoang played any role in the complained of conduct, and, although it contains the allegation that Vinh Hoang was "made a party because Defendant [Vinh Hoang] may have an interest in the declaratory relief sought in this action," it does not suggest the existence of any factual basis on which Vinh Hoang might assert such an interest.

Page 2 - FINDINGS AND RECOMMENDATION

On July 27, 2015, Horace Mann moved for entry of default judgment against Ngo, Do, Trant Le, Phu Le, Nguyen, Tran, and Hoang Le, on the grounds that each of those defendants had been properly served, but that each had failed to answer Horace Mann's complaint or make any other appearance within the time allowed for so doing. On July 28, 2015, I granted Horace Mann's motion for entry of default judgment as to defendants Ngo, Do, Trant Le, Phu Le, Nguyen, and Hoang Le, but inadvertently omitted to grant the motion as to defendant Tran. On September 3, 2015, Judge Brown accordingly issued a limited default judgment as to defendants Ngo, Do, Trant Le, Phu Le, Nguyen, and Hoang Le, declaring that Horace Mann was entitled to rescind its insurance contract with Ngo, had no obligation to issue benefits under that policy to any of defendants Ngo, Do, Trant Le, Phu Le, Nguyen, or Hoang Le, and had no duty to defend or indemnify Ngo in connection with the collision of September 20, 2014.

On September 11, 2015, Horace Mann moved for entry of default judgment against Vinh Hoang on the grounds that Vinh Hoang had been properly served but had failed to answer Horace Mann's complaint or make any other appearance within the time allowed for so doing. On July 28, 2015, I granted Horace Mann's motion for entry of default judgment as to Vinh Hoang, and on October 27, 2015, Judge Brown accordingly issued a limited default judgment as to Vinh Hoang, declaring that Horace Mann had no obligation to issue benefits under its insurance contract with Ngo to Vinh Hoang.

Now before the court is Horace Mann's motion (#59) for summary judgment as to its claims to the extent alleged against Seo and Kang.[2] It is Horace Mann's position as expressed in

---

[2] Horace Mann does not, by and through its pending motion for summary judgment, address its claims against Tran, who remains a defendant in this action. As noted above, however, Horace Mann addressed its claims against Tran by and through its previously filed (and

Page 3 - FINDINGS AND RECOMMENDATION

its moving papers that, in light of Judge Brown's declarations issued in this matter to date, it is clear that Horace Mann does not owe any duty of indemnity or of coverage under its insurance policy, if any, with Ngo, in connection with the collision of September 20, 2014. Counsel for Horace Mann conferred by telephone with Seo and attempted to confer with Kang via email regarding its summary judgment motion, and Seo indicated to Horace Mann's counsel that "it sounded like" she would not oppose the motion, but that she would discuss the matter with Kang before making a final decision. As of the date hereof, neither Seo nor Kang has filed any opposition to Horace Mann's motion, which went under advisement January 19, 2016.

I agree with Horace Mann that, in light of Judge Brown's declaration that Horace Mann is entitled to rescission of the insurance contract, if any ever came into effect, between Horace Mann and Ngo, Horace Mann is entitled to the requested declaratory judgment against Seo and Kang. In consequence, Horace Mann's motion for summary judgment should be granted, and the court should declare that Horace Mann has no obligation to issue benefits under its insurance contract with Ngo, if any, to either Seo or Kang.

In addition, for the same reasons set forth in my order (#38) dated July 28, 2015, default judgment should be entered as to Tran, and the court should declare that Horace Mann has no obligation to issue benefits under its insurance contract with Ngo, if any, to Tran.

## CONCLUSION

For the reasons set forth above, Horace Mann's motion (#59) should be granted, and this court should declare that Horace Mann has no obligation to issue benefits under its insurance contract with Ngo, if any, to Tran, Seo, or Kang. A final judgment should be prepared.

---

previously granted) motion for default judgment of July 27, 2015.

Page 4 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 30th day of March, 2016.

Honorable Paul Papak
United States Magistrate Judge